COLE, Justice,
concurring.
I agree fully with the majority opinion in this case. I write separately, however, to express my dismay that the legislative mandate of La.R.S. 45:164 seems mired in the past, steadfastly ignoring the progress made by untying the hands of our market economy.
The legislature has determined that
No motor carrier shall operate as a public contract carrier without having had a public hearing and obtained from the [Public Service] commission a permit to do so, which permit shall not be issued unless in the public interest and until the applicant shall have complied with the requirements of R.S. 45:161 through R.S. 45:172. (Emphasis supplied).
La.R.S. 45:164. It is unclear to me why this, or any, commission is in a better position to determine what is in the “public *482 interest” than would be those Louisiana consumers most immediately affected by either the existing service or a potential new market entrant. The consumer, offered an array of services by a variety of competing firms, is undoubtedly in a better position to choose which service most adequately serves his needs than is a politically controlled state agency. Those firms supplying the best service most efficiently to the greatest number of consumers would naturally thrive while their inefficient brethren would either become efficient or find a calling to which their talents are better suited. The public, in whose interest the legislature purports to speak, is best served when the forces of competition are allowed to dictate both the number of participants in a market and the prices they will charge for their services.
During these trying economic times, it seems to me unwise to devote valuable public resources to the implementation of bureaucratic regulatory policies when the most efficient of all regulators, the free market, exists without expense to the taxpayers of this state. Although the benefits of regulating market entry and pricing may be justifiable in the context of natural monopolies such as public utilities, I believe such regulation is clearly unjustified in the transportation industries, where the elements of natural monopoly are most attenuated. See generally, Boise, Experiment in Mercantilism: Minimum Rate Regulation by the Interstate Commerce Commission, 68 Colum.L.Rev. 599, 613 (1968) (characterized by easy entry, few important economies of scale, mobility of resources, and the division of the market among a comparatively large number of firms, [the trucking industry] seems an almost ideal industry for the effective operation of competition). In any event, the legislative mandate of R.S. 45:164 was conceived at a time when government intrusion into the economy was thought to be advantageous, in an era when the populace meekly accepted the adage, “government knows best.” As the last decade has so plainly confirmed, the economy and the public interest thrive when rational men and women are left free to choose.